UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————
№ 05-CV-1155 (JFB) (LB)
———————————

PHILLIP JEAN-LAURENT,

Plaintiff,

VERSUS

P.O. DAVID HENNESSY; P.O. JOHN DOE; SGT. PAUL O'DONNELL,

Defendants.

———————————
**MEMORANDUM AND ORDER**
December 18, 2008
———————————

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated August 1, 2008 (hereinafter, the "August 1, 2008 Opinion"), the Court granted in part and denied in part defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Specifically, the Court denied defendants summary judgment with respect to the following claims asserted by plaintiff: (1) excessive force; (2) unreasonable search and seizure in conjunction with plaintiff's alleged public strip search; and (3) plaintiff's claims under New York law for intentional infliction of emotional distress, conspiracy, and "deprivation of money," or conversion. The motion was granted on all other grounds.

By motion dated September 29, 2008, *pro se* plaintiff requests that the Court re-consider the portion of the August 1, 2008 Opinion in which the Court granted defendants' motion for summary judgment on plaintiff's claims for false arrest/false imprisonment and malicious prosecution. Specifically, plaintiff now contends that these claims are not barred by his state court conviction under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his *habeas* petition was dismissed on the ground that he was no longer "in custody" at the time of the petition and, thus, his inability to challenge the conviction falls within an exception to the *Heck* rule.

For the reasons set forth below, the Court denies plaintiff's motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and Local Civil Rule 6.3. In particular, although the Second Circuit has

recognized an exception in Section 1983 actions under *Heck* if a plaintiff was unable to pursue a *habeas* petition and satisfy *Heck* because he was no longer in custody, that exception does not apply to Jean-Laurent because he failed to file a direct appeal of his state court conviction and failed to file a timely *habeas* petition. Under such circumstances, Jean-Laurent cannot avail himself of any exceptions to the *Heck* rule and his Section 1983 claims related to that valid conviction cannot survive summary judgment.

I. LEGAL STANDARD

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. New York City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* at 283 (quotation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.* at 284.

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Black v. Diamond*, 05-0785-cv, 05-1669-cv, 2006 U.S. App. LEXIS 1519, at *5 (2d Cir. Jan. 19, 2006) ("To merit reconsideration, a movant must point to law or facts overlooked by the court in its initial ruling."); *Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, 97 cv 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

II. APPLICATION

Plaintiff's motion for reconsideration is based on his contention that his claims for false arrest/false imprisonment and malicious prosecution – which are based on a valid state court conviction pursuant to a guilty plea – are not barred by the Supreme Court decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), because his *habeas* petition was dismissed on

2

the ground that he was no longer "in custody" at the time the petition. As set forth below, the Court disagrees and concludes that, although plaintiff's *habeas* petition was dismissed in part because he was no longer in custody, it was also dismissed in the alternative because it was clearly untimely. Therefore, because plaintiff did not file a direct appeal of his conviction in state court and did not file a timely *habeas* petition, he cannot avail himself of any exceptions to the *Heck* rule with respect to these claims.

As the Court explained in the August 1, 2008 Opinion, the Supreme Court in *Heck* precluded Section 1983 claims related to a conviction that has not been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted).

However, the Second Circuit has recognized that the *Heck* rule would not bar a Section 1983 claim in certain situations where *habeas* relief was unavailable. For example, in *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999), the Second Circuit analyzed the Supreme Court jurisprudence in this area – including *Heck*, *Edwards v. Balisok*, 520 U.S. 641 (1997), *Spencer v. Kemna*, 523 U.S. 1 (1998) – and held that "a § 1983 suit by a prisoner . . . challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by *Heck* and *Edwards*." *Jenkins,* 179 F.3d at 27. The Court explained that "to apply the *Heck* rule in such circumstances would contravene the pronouncement of five justices [in *Spencer*] that some federal remedy – either habeas corpus or § 1983 – must be available." *Id*. (citations omitted); *accord Leather v. Ten Eyck,* 180 F.3d 420, 424 (2d Cir. 1999). Morever, the Second Circuit has extended this exception to *Heck* in situations where a plaintiff could not challenge his conviction on the merits through a *habeas* petition because he was no longer in custody. *See, e.g., Plonka v. Brown*, No. 00-7651, 2001 WL 99834, at *1 (2d Cir. Feb. 2, 2001) (unpublished Summary Order) ("remand[ing] the case to the district court to enable it to consider whether [plaintiff] is in

3

custody, in which case his § 1983 false arrest claim is barred by *Heck*, or whether [plaintiff] is not in custody, in which case, under *Jenkins* and *Leather*, *Heck* does not apply"); *accord Denham v. Schwarzenegger*, No. CVF05-0995AWIDLB, 2005 WL 3080857, at *4 (E.D. Cal. Nov. 16, 2005) ("Here, Plaintiff contends that *Heck* does not apply to his case because his state habeas petition concerning the parole revocation proceedings was rendered moot by Plaintiff's release from custody. The court agrees. Because no state habeas remedies were available, *Heck* does not apply . . . .").

In the instant case, the exception to the *Heck* rule established by the Second Circuit in *Jenkins* and its progeny does not apply. Plaintiff correctly notes that his *habeas* petition, which challenged his 2002 Queens County conviction, was dismissed, in part, because plaintiff was not in custody at the time he filed his *habeas* petition. *See* Memorandum and Order, dated June 28, 2007, at 2-3 (Docket Entry 11 in *Jean-Laurent v. Artus,* 06 Civ. 5495 (RJD)). However, plaintiff overlooks the fact that the court also found that his petition was untimely because it was filed over two years after the expiration of the one-year statute of limitations period[1] and there was no basis for equitable tolling. *See id*. at 1 ("Petitioner's affirmation, received on December 11, 2006, fails to demonstrate that the instant petition is timely and petitioner's arguments are insufficient to warrant equitable tolling. Therefore, for the reasons discussed below, the petition is dismissed.") Plaintiff's appeal of that order to the Second Circuit was also dismissed as untimely. *(See* Docket Entry 15 in *Jean-Laurent v. Artus,* 06 Civ. 5495 (RJD).)

Thus, plaintiff did not file a direct appeal in state court challenging his conviction, and did not file a timely *habeas* petition in federal court with respect to such conviction. Under these circumstances, the exceptions to the *Heck* rule do not apply because plaintiff clearly had legal remedies available to him both in state and federal court to challenge his conviction, but failed to avail himself of such remedies in a timely manner.[2] Such a situation is distinct from the individual who challenges his conviction in the state and federal courts in a timely manner but, through no fault of his own, is unable to have the federal court consider his challenge because he is no longer in custody at the time his petition is filed. To hold otherwise in the instant case would allow a plaintiff to completely circumvent the *Heck* rule by filing an untimely *habeas* petition and then arguing that his Section 1983 claims are not barred by the conviction because his challenge was never heard on the merits by the federal court. There is

---

[1] The court concluded that, even when tolling the time during which plaintiff's properly filed 440 motion was pending, the petition was still time-barred. *See id.* at 4.

[2] In his Affirmation in support of his motion for reconsideration, plaintiff acknowledges that he did not file a direct appeal challenging his guilty plea and conviction and provides several reasons for failing to do so. (*See* Affirmation of Phillip Jean-Laurent*,* dated September 29, 2008, at 5.) Plaintiff also notes that, after his sentence on the 2002 conviction had expired in May 2003 and he was released, he was arrested on an unrelated charge on September 17, 2003 and then twice sought unsuccessfully in state courts, by filing motions pursuant to N.Y. Criminal Procedure Law 440.10, to have the 2002 conviction overturned. *(See id*.) However, this belated attempt for post-conviction relief in state court in connection with his 2002 conviction does not cure the fact that his *habea*s petition was clearly untimely.

nothing in Supreme Court nor Second Circuit jurisprudence that warrants such a result.

This Court's analysis is consistent with other courts who have examined this precise issue. For example, in *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002), the Ninth Circuit held that there was no exception to the *Heck* rule where federal court review of the conviction was precluded because of an untimely *habeas* petition:

> Relying on *Spencer v. Kemna*, 523 U.S. 1, 140 L. Ed. 2d 43, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998), Cunningham urges this court to hold that *Heck* is inapplicable to his § 1983 suit because, for him, habeas relief is "impossible as a matter of law." In *Spencer*, Justice Souter, in a concurrence joined by Justices O'Connor, Ginsburg, and Breyer, suggested that a § 1983 plaintiff who is not "in custody" may bring a § 1983 action establishing the unconstitutionality of a conviction without being bound to satisfy *Heck*'s favorable termination requirement, because obtaining habeas relief "would be impossible as a matter of law." *Spencer*, 523 U.S. at 21. Cunningham argues that his situation is akin to those who are "not in custody" because he is time-barred from seeking habeas relief. We decline to hold that Cunningham's failure timely to pursue habeas remedies takes his § 1983 claim out of *Heck*'s purview.

*Cunningham*, 312 F.3d at 1153-54 n.3.

Similarly, in *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006), the Ninth Circuit held that the fact that plaintiff was "no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck*'s bar" where plaintiff did not timely challenge such conviction in state or federal court. In particular, the Ninth Circuit explained:

> Guerrero never challenged his convictions by any means prior to filing this lawsuit. Nearly three years passed from his last encounter with the LAPD before he took any action at all. His failure timely to achieve habeas relief is self-imposed. Thus, as in *Cunningham*, though habeas relief for Guerrero may be "impossible as a matter of law," we decline to extend the relaxation of *Heck*'s requirements. Guerrero cannot now use his "failure timely to pursue habeas remedies" as a shield against the implications of *Heck*. Accordingly, we hold that *Heck* bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy.

*Guerrero*, 442 F.3d at 705 (footnotes and citations omitted); *see also Williams v. Waggener*, No. C 07-2557 MMC, 2007 WL 1713283, at *2 (N.D. Cal. June 13, 2007)

5

("plaintiff cites no authority, and this Court is aware of none, to the effect that the bar does not apply where a plaintiff's prior federal habeas petition was dismissed as untimely"); *Higgs v. Prezioso*, Civil Action No. 06-5815 (RMB), 2007 WL 1521118, at *8 (D.N.J. May 18, 2007) (dismissal warranted where "Plaintiff alleges that his state post-conviction proceedings have not been successful and his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as untimely").

In sum, because plaintiff failed to file a direct appeal in state court challenging his conviction and failed to file a timely *habeas* petition in federal court, plaintiff does not fall within any of the exceptions to the *Heck* rule with respect to Section 1983 claims that would require invalidation of that conviction. Accordingly, plaintiff has not pointed to any controlling decisions or evidence that this Court overlooked. In addition, plaintiff fails to provide a basis to conclude that he is entitled to relief from the Court's order due to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or some other exceptional or extraordinary circumstance. In short, plaintiff has not set forth any basis for relief from the Court's August 1, 2008 Opinion under Federal Rules of Civil Procedure 59(e) or 60(b), or Local Rule 6.3, and his motion to reconsider the Court's August 1, 2008 opinion is denied in its entirety.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 18, 2008
Central Islip, New York

\* \* \*

Plaintiff represented himself *pro se*: Phillip Jean-Laurent, Cape Vincent Correctional Facility, Route 12E, P.O. Box 739, Cape Vincent, New York, 13618. Defendants are represented by Morgan David Kunz, Esq. of the New York City Law Department, 100 Church Street, New York, New York, 10007.